### SAMUEL S. CLARK

*v.*

### LUCIUS L. DAY.

1. EJECTMENT—*sufficiency of verdict.* A verdict in ejectment finding the defendant guilty of withholding from the plaintiff " the following described premises, to-wit: commencing, on Madison street fifty-seven feet from the corner of Hancock and Madison streets, as indicated by the present line of improvements, running thence seven feet on the line of Madison street, thence at right angles one hundred and seventy-one feet to the alley, thence at right angles towards Hancock street to the line of lots 7 and 8, thence at right angles along said line one hundred and seventy-one feet to the place of beginning; and we further find that the plaintiff has an estate therein in fee simple," is sufficiently certain to enable the plaintiff to have execution of his judgment.

2. SAME—*proof of title from a common source.* Under the statute, where the plaintiff on the trial states, under oath, that he claims title through a common source with the defendant, it will be sufficient for him to show title from such common source, unless the defendant will deny on oath that he claims title from such a source, or will swear that he claims title through some other source. This rule applies where the action is to settle a disputed boundary between two adjoining lots, each party deriving title to his lot from the same source.

3. NEW TRIAL—*on the evidence.* Where a cause is submitted under instructions sufficiently accurate not to have misled the jury, and the testimony is irreconcilably conflicting as to the disputed questions of fact, the verdict must stand as settling the facts.

APPEAL from the Circuit Court of Peoria county; the Hon. J. W. COCHRAN, Judge, presiding.

This was an action of ejectment, brought by Lucius L. Day against Samuel S. Clark, for a strip of ground seven feet wide on Madison street, in the city of Peoria, and extending the same width the whole depth of the lot, the same being part of lot 8, block 24, in Morton, Voris and Laveille's addition. The question presented was one of boundary between lots 7 and 8.

The following is the verdict of the jury: " We, the jury, find the defendant guilty of withholding from the plaintiff

the following described premises, to-wit: commencing on
Madison street fifty-seven feet from the corner of Hancock
and Madison streets as indicated by the present line of im-
provements, running thence seven feet on the line of Madison
street, thence at right angles one hundred and seventy-one feet
to the alley, thence at right angles towards Hancock street to
the line of lots 7 and 8, thence at right angles along said line
one hundred and seventy-one feet to the place of beginning;
and we further find that the plaintiff hath an estate therein in
fee simple."

Mr. H. W. WELLS, for the appellant.

Mr. E. P. SLOAN, and Mr. D. McCULLOCH, for the appel-
lee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was an action of ejectment, brought by Lucius L.
Day against Samuel S. Clark, to recover possession of a strip of
land alleged to be a part of lot 8, but after the suit had been
commenced subsequent grantees of defendant were, by leave of
court, permitted to defend. On the last trial—the jury having
failed to agree on the first trial—the jury found the defendant
guilty of withholding the premises described in the declaration,
and that the fee title to the same was in plaintiff.

It is said the verdict is too uncertain and indefinite to be per-
mitted to stand. Construing the verdict fairly, we think it is
sufficiently certain to enable plaintiff to have execution of his
judgment. Undoubtedly some things are omitted that would
render it plainer than it is. The point at which the descrip-
tion begins is fifty-seven feet from the corner of Hancock and
Madison streets. Although the direction is not stated, refer-
ence to lots 7 and 8 render it absolutely certain it is east on
Madison street. A right angled parallelogram is then de-
scribed, and the dimensions of two sides given in feet. The
line on the alley is mentioned as running in the direction of

31—93 ILL.

Hancock street to the line between lots 7 and 8, which is equivalent to a finding that the point reached in the description is the true line between lots 7 and 8. As we understand the verdict, it describes the land substantially as it is described in the amended count of the declaration filed at the trial.

An objection taken is that plaintiff did not prove title to the whole of the land in controversy. As the case went to the jury we think the proof of title was sufficient. Under our statute if the plaintiff on the trial will state, under oath, that he claims the title through a common source with defendant, it shall be sufficient for him to show title from such common source, unless defendant will deny, on oath, that he claims title from such common source, or will swear that he claims title through some other source. That, plaintiff did. On the trial he stated on oath that both grantees claimed title from one George Morton, and as defendant does not deny he claims title from that source it must be understood he does.

But it is said this view can not prevail, as one party claims lot 7 and the other lot 8. That is true, but the strip of land in controversy is nevertheless the same. If it is a part of lot 8 plaintiff claims he has a title to it from Morton, and if it is a part of lot 7 defendant claims title to it from the same source. The contention is as to the boundary line between lots 7 and 8, and counsel well expresses it, though in form an action of ejectment, it is in fact an action to ascertain the boundary line between lots owned by the parties, and nothing else.

The only question in the case that demands serious consideration is whether the verdict is sustained by the weight of the evidence. If it is proved the land in controversy is a part of lot 8, then the verdict is right, otherwise of course it is wrong. That is so much a question of fact it is difficult to do otherwise than to abide the finding of the jury. The testimony in the record is voluminous, and contradictory in the extreme. Both parties claim there is testimony that renders it absolutely certain the line that divides lots 7 and 8 is where they respectively insist it is. It must be understood the evi-

dence bearing on this question was fully considered by the jury in arriving at a conclusion. Full and careful consideration has been given to the volume of testimony found in the record, and it is not perceived how it can be said the verdict is so much against the weight of the evidence that the judgment ought to be reversed for that reason alone.

The case was submitted under instructions sufficiently accurate not to have misled the jury on the issues involved, and when the testimony is irreconcilably conflicting, as it is in this case, the rule is, the verdict must stand. Any other rule would transfer the investigation of controverted questions of fact from the jury to the appellate tribunal. This ought not to be done.

Perceiving no error in the record for which the judgment should be reversed, it must be affirmed, which is done.

*Judgment affirmed.*